## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | |
|---|---|
| **JOYCE WEBB,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| | ) **CIVIL ACTION FILE** |
| | ) **NO. _____** |
| **v.** | ) |
| | ) |
| **CITY OF ATLANTA, GEORGIA;** | ) |
| **SUSAN GARRETT, and** | ) |
| **KEITH BROOKS, in their individual** | ) |
| **capacities,** | ) |
| | ) **JURY TRIAL DEMANDED** |
| **Defendants.** | ) |

### COMPLAINT FOR EQUITABLE RELIEF AND DAMAGES

Plaintiff Joyce Webb ("Plaintiff" or "Webb") respectfully submits the following Complaint against Defendant City of Atlanta, Georgia showing the Court as follows:

### INTRODUCTION

At all times relevant to this dispute, Defendant City of Atlanta, Georgia employed Plaintiff and paid Plaintiff less than male employees performing equal work. Plaintiff brings claims of gender-based pay discrimination pursuant to the Equal Pay Act of 1963, 29 USC § 206 (d) ("EPA"); Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq.* ("Title VII"); and the Equal

Protection Clause of the Fourteenth Amendment to the United States Constitution. Plaintiff seeks injunctive and equitable relief, back pay and compensatory damages, and liquidated damages to remedy these civil rights violations.

## PARTIES

1. Plaintiff Joyce Webb is a resident of Fayette County, Georgia and submits herself to the jurisdiction of this Court.  Plaintiff is a current employee of the City of Atlanta, Georgia.

2. The City of Atlanta, Georgia ("The City") is a municipal corporation doing business in the State of Georgia and is, therefore, subject to personal jurisdiction in Georgia. The City of Atlanta may be served with process by serving the Mayor at the Office of the Mayor, Executive Offices, 55 Trinity Avenue SW # 1790, Atlanta, Georgia 30303.

3. Defendant Susan Garrett served as the Interim Chief Procurement Officer for the City of Atlanta and currently serves as the Deputy City Attorney for the City of Atlanta.  Upon information and belief, Garrett is a resident of Fulton County and subject to this Court's jurisdiction. She may be served with process via personal service at her place of business, 55 Trinity Avenue SW # 1790, Atlanta, Georgia 30303.

4. Defendant Keith Brooks serves as the Senior Deputy Chief Procurement Officer for the City of Atlanta and, upon information and belief, is a resident of Fulton County and subject to this Court's jurisdiction. He may be served with process via personal service at his place of business, 55 Trinity Ave SW # 1790, Atlanta, GA, 30303.

5. Webb is a current employee of the City of Atlanta.

6. Webb is an "employee" within the meaning of Title VII and the EPA.

7. The City of Atlanta is an "employer" as defined by Title VII and the EPA.

## JURISDICTION AND VENUE

8. The Court has subject matter jurisdiction under Title VII, the EPA, and 28 U.S.C. § 1331 & § 1343(a)(4).

9. Venue is proper in this district and division under 28 U.S.C. § 1391 because the City of Atlanta conducts business in this district and division and the unlawful actions and practices were committed within the Northern District of Georgia.

## ADMINISTRATIVE PROCEEDINGS

10. Webb filed a Charge of Discrimination with the Equal Employment Opportunity Commission within 180 days of the occurrence of the acts of which she complains.

11. Webb received a Notice of Right to Sue on May 24, 2019.

12. This civil action is filed in the appropriate federal district court within ninety (90) days of the receipt of Webb's Notice of Right to Sue.

## STATEMENT OF FACTS

13. Webb began working for the City of Atlanta on December 3, 2015 in the Department of Procurement as a Contracting Officer.

14. In October 2016, Webb was promoted to the position of Contracting Officer Senior.

15. In October 2017, the Department completed a pay compression analysis and made changes to salaries.

16. On October 5, 2017, Webb received an email offering her a promotion to Procurement Officer with a pay of $70,000 annually.

17. On October 6, 2017, Webb met with Deputy Chief Keith Brooks to discuss her concerns about her pay. During this meeting, Brooks threatened to rescind the offer of the pay raise and labeled Webb as "difficult to work with."

18. On October 9, 2017, Webb met with Interim Chief Procurement Officer Susan Garrett to address her concerns about pay differences. Garrett stated that Webb was "getting on her nerves," and stated that there was no money to fulfill the request. Garrett told Webb that she was being "aggressive," and that Webb was going to "get on her bad side" to the point that Garrett would not want to promote her in the future. During this meeting, Webb presented Garrett with a document that demonstrated that there were disparities in pay between male employees and female employees.

19. On October 19, 2017, Webb officially began the role of Procurement Officer at a salary of $71,500.

20. On December 1, 2017, Webb received an updated list of the current Department of Procurement salaries. Webb noticed that all male procurement officers were being paid more than all female procurement officers. There was no difference in job duties, experience level, or seniority that would justify the pay disparities. She also noticed that many procurement officers had received significant raises where she did not.

21. On December 11, 2017, Webb met with Pam Beckerman, the Director of Human Resources. Jill Watkins, a Procurement Officer, and Delmarie Griffin, a Contract Administrator. During the meeting, Webb discussed the pay issues within

the department and complained that women were paid less than men. Beckerman stated that she would ask the Department of Procurement to provide objective salary measures.

22. On January 29, 2018, Webb met with James Merriweather of Employee Labor Relations. Webb provided Merriweather with a summary of events relating to the pay disparity. Merriweather said he would investigate.

23. On January 30, 2018, Webb met with Deputy Commissioner Angela Addison. Webb provided Deputy Commissioner Addison with the summary of events she gave to Merriweather. Deputy Commissioner Addison stated that she would investigate the salary disparity.

24. Currently, Webb is making around $14,000 less than a male Procurement Officer, Lloyd Richardson, who performs the same responsibilities as her and who is required to have equivalent skills to her. However, Webb has significantly higher education and outside experience than Richardson and supervises more individuals than Richardson.

25. Webb is also making around $21,000 less than a male Procurement Officer Senior, Mano Smith, who performs the same responsibilities as her and who is required to have equivalent skills as her.

26. Although the two other female procurement officers make more than Webb, they still earn far less than the male procurement officers.

27. Throughout the period that Webb complained about discrimination, she was asked to work out of grade without receiving any additional compensation. Not only did Webb fulfill her duties as a Procurement Officer but she also was expected to handle the projects of a Contracting Officer Senior.

28. Webb has continued to ask Brooks to rectify her assignments, but she has not received any relief.

29. The unlawful, discriminatory and retaliatory actions by the City of Atlanta and its agents and employees were done during and within the scope of their agency and employment with the City of Atlanta.

30. Because of the City of Atlanta's unlawful, discriminatory and retaliatory actions and practices, Webb has suffered and continues to suffer emotional and resulting damages.

**GOVERNMENTAL AND DECISIONMAKER LIABILITY**

31. The highest City official(s) with responsibility to protect Webb against gender discrimination had actual or constructive knowledge of the discrimination giving rise to this Complaint. Plaintiff believes those officials were Susan Garett and/or Keith Brooks.

32. Despite such actual or constructive knowledge, these officials failed to take reasonable, prompt, remedial action as required by the City anti-discrimination policies and federal law to protect Webb's rights to be free from gender discrimination.

33. At all times material to this Complaint, it was clearly established law that subjecting an employee to gender discrimination in pay violates the Equal Protection Clause.

34. The individual Defendants were, at all times material to this Complaint, the highest Department officials with authority to hire, fire, transfer, demote, promote, discipline, and take personnel actions, including setting wages and salaries, affecting employees including Webb.

35. The individual Defendants' above-pled employment actions were not subject to, and did not require, higher review or approval.

## PUNITIVE DAMAGES

36. The individual Defendants undertook all of the above-pled unlawful conduct intentionally, willfully, and maliciously with respect to Webb and her federally protected rights.

37. Additionally, and in the alternative, the individual Defendants undertook all the above-pled conduct with reckless disregard for Webb and her federally protected rights.

## COUNT I
## DISCRIMINATION IN VIOLATION OF TITLE VII

38. Plaintiff hereby realleges all preceding paragraphs of this Complaint as if each paragraph had been fully and completely restated herein.

39. Defendant City of Atlanta's discrimination against Webb because of her gender in pay, and terms and conditions of employment and conduct violates the statutory provisions and protections of Title VII.

40. As a direct and proximate result of the City of Atlanta's violations of Title VII, Webb has suffered damages, including but not limited to, lost wages, benefits of employment, emotional distress, mental anguish, humiliation, pain and suffering.

41. Webb is threatened with further injury and loss for which she has no plain, adequate or speedy remedy at law.

42. The Complaint seeks, in part, permanent injunctive relief because that is the only means for securing complete relief and ending the continuing irreparable injury resulting from the City of Atlanta's violations of civil rights laws.

43. The City of Atlanta's acts and conduct constitute willful and intentional discrimination.

44. The City of Atlanta engaged in its discriminatory practices intentionally and/or with malice and/or with reckless indifference to Webb's rights.

## COUNT II
## RETALIATION IN VIOLATION OF TITLE VII

45. Plaintiff hereby realleges all preceding paragraphs of this Complaint as if each paragraph had been fully and completely restated herein.

46. Webb engaged in a protected activity by challenging the unlawful practices of the City of Atlanta and its officers, employees, and agents.

47. The City of Atlanta retaliated against Webb for challenging its unlawful actions in violation of Title VII by failing to adjust her salary to the level of her male counterparts.

48. As a direct and proximate result of the City of Atlanta's violations of Title VII, Webb has suffered damages, including but not limited to, lost wages, benefits of employment, emotional distress, mental anguish, humiliation, pain and suffering.

49. The City of Atlanta engaged in retaliatory practices intentionally and/or with malice and/or with reckless indifference to Webb's rights.

50. As a direct and proximate result of the City of Atlanta's violations of Title VII, Webb has suffered damages, including but not limited to, lost wages, benefits of employment, emotional distress, mental anguish, humiliation, pain and suffering.

## COUNT III
## VIOLATION OF THE EQUAL PAY ACT

51. Plaintiff hereby realleges all preceding paragraphs of this Complaint as if each paragraph had been fully and completely restated herein.

52. The City of Atlanta's actions have deprived Webb of equal pay for equal work in violation of the Equal Pay Act, 29 U.S.C. § 206(d).

53. The City of Atlanta discriminated against Webb in unequal pay in violation of the EPA.

54. As a direct and proximate result of the City of Atlanta's actions, Webb has suffered lost wages.

55. The City of Atlanta's actions in paying lower wages to Webb, a female employee, than to males performing substantially similar or lesser work are willful.

56. Webb has suffered damage and is entitled to recover actual and liquidated damages against the City of Atlanta.

## COUNT IV
## RETALIATION IN VIOLATION OF THE EQUAL PAY ACT

57. Plaintiff hereby realleges all preceding paragraphs of this Complaint as if each paragraph had been fully and completely restated herein.

58. Webb engaged in protected activity under the Equal Pay Act when she challenged the unlawful practices of the City of Atlanta and its officers, employees, and agents.

59. The City of Atlanta impermissibly retaliated against Webb after she complained that female employees were not being paid as much as male employees by failing to adjust her salary to that of the male employees.

60. As a direct and proximate result of the City of Atlanta's violations of the Equal Pay Act, Webb has suffered damages and is entitled to recover actual and liquidated damages against the City of Atlanta.

## COUNT V
## VIOLATION OF THE EQUAL PROTECTION CLAUSE – GENDER DISCRIMINATION

61. Plaintiff hereby realleges all preceding paragraphs of this Complaint as if each paragraph had been fully and completely restated herein.

62. The Equal Protection Clause of the Fourteenth Amendment to the United States Constitution entitles Webb to equal protection under the laws, including equal protection with respect to gender.

63. No compelling or other governmental interest supports the Defendant's use of gender as the basis for employment decisions giving rise to this complaint.

64. To the extent any such interest existed, the City of Atlanta's use of gender classifications is not the least restrictive means by which the City of Atlanta could have effectuated such interest.

65. The City of Atlanta violated Webb's rights to equal protection by subjecting her to gender discrimination. The City of Atlanta's conduct constitutes unlawful discrimination based upon gender, in violation of the Equal Protection Clause.

66. The City of Atlanta undertook all the unlawful conduct giving to Webb's claims while acting under color of state law.

67. As a direct and proximate result of the City of Atlanta's violations of the Equal Protection Clause, Webb has suffered damages including emotional distress, inconvenience, losses of income and benefits, humiliation, and other indignities.

68. The City of Atlanta's unlawful conduct violated clearly established law prohibiting making compensation decisions because of gender.

69. Garrett and Brooks undertook this unlawful conduct intentionally and malicious with respect to Webb and her federally protected rights, entitling Webb to recover punitive damages against the City of Atlanta.

70. Additionally, and in the alternative, Garret and Brooks undertook unlawful conduct recklessly with respect to Webb and her federally protected rights, entitling Webb to recover punitive damages against the City of Atlanta.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff respectfully invokes the powers of this Court and prays for the following:

a) That the Court grant trial by jury;

b) That the Court permanently enjoin the City of Atlanta from discriminating against Plaintiff on any basis forbidden by Title VII, the EPA, or the Equal Protection Clause;

c) That the Court issue a declaratory judgment that Defendant's acts, policies, practices, and procedures complained of herein violated Plaintiff's rights to be free from discrimination as provided by Title VII, the EPA and the Equal Protection Clause; and that the Court permanently enjoin the City of Atlanta from such conduct in the future;

d)     That Plaintiff have and recover from the City of Atlanta all amounts available under Title VII and the EPA, including but not limited to back pay, front pay, compensatory damages, liquidated damages, damages for mental anguish, benefits, and all other damages allowed by law;

e)     That Plaintiff have and recover from the City of Atlanta all amounts available under the EPA, including but not limited to, compensatory and consequential damages, making Plaintiff whole by providing back pay and reimbursement measured by the difference in the rate of pay received by Plaintiff and the rate of pay of male employees paid in violation of the EPA and liquidated damages;

f)     That the Court award pre-judgment and post-judgment interest to Plaintiff on any of the above amounts;

g)     That the City of Atlanta be ordered to pay to all of Plaintiff's costs and attorney's fees of this action;

h)     That Plaintiff recover punitive damages; and

i)     That the Court grant such other and further equitable and monetary relief as it deems equitable, just and proper.

Respectfully submitted this 24th day of July, 2019.

LEGARE, ATTWOOD & WOLFE, LLC

<u>s/ Eleanor Mixon Attwood</u>
Georgia Bar No. 514014
emattwood@law-llc.com

125 Clairemont Ave, Ste. 380
Decatur, Georgia 30030
Telephone: (470) 823-4000
Facsimile: (470) 201-1212